AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **23-CI-00038**
Court: **CIRCUIT**
County: **MAGOFFIN**

*Plantiff,* **STANSBERRY, JEANETTE VS. THE LINCOLN NATIONAL LIFE INSURANCE**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

Memo: Related party is THE LINCOLN NATIONAL LIFE INSURANCE CO.

The Commonwealth of Kentucky to Defendant:
**THE LINCOLN NATIONAL LIFE INSURANCE CO.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Tonya Arnett Ward
Magoffin Circuit Clerk
Date: **2/17/2023**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: 561771938966896@00000036321
CIRCUIT: 23-CI-00038 Certified Mail
STANSBERRY, JEANETTE VS. THE LINCOLN NATIONAL LIFE INSURANCE



EXHIBIT
A

eFiled

COMMONWEALTH OF KENTUCKY
MAGOFFIN CIRCUIT COURT
CIVIL ACTION NO. __________
*Electronically Filed*

JEANETTE STANSBERRY PLAINTIFF

vs. **COMPLAINT**

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY DEFENDANT

**To be served through:**
Corporation Service Company
421 West Main Street
Frankfort, KY 40601

*** *** *** ***

Comes the Plaintiff, Jeanette Stansberry, and for her Complaint against Defendant The Lincoln National Life Insurance Company, states as follows:

1. Plaintiff Jeanette Stansberry is a citizen and resident of Magoffin County, Kentucky.
2. Defendant The Lincoln National Life Insurance Company ("Defendant" or "Lincoln National") is an insurance company believed to be domiciled in the state of Indiana, authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority. Lincoln National's statutory home office is located at 1300 S. Harrison Street Fort Wayne, IN 46802-3425.
3. Lincoln National's service of process agent is Corporation Service Company, located at 421 West Main Street, Frankfort, Kentucky 40601, and may be served through the service of process agent.

4. Jurisdiction and venue are proper in this Court because Defendant transacts business and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Magoffin County, Kentucky.
5. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Lion Group, Inc. employed as a Sewing Machine Operator, since on or about March 8, 2015.
6. Lion Group, Inc. established and provided a long-term disability plan ("Plan" or "LTD Plan") to its employees, which includes Plaintiff. The long-term disability ("LTD") Policy number is believed to be 000010141320 (hereinafter "LTD Policy").
7. Plaintiff was covered and eligible under the Plan.
8. The LTD Policy defines disability and entitles Plaintiff to receive LTD benefits, if Plaintiff meets the following definition:

> **TOTAL DISABILITY** or **TOTALLY DISABLED** will be defined as follows:
>
> 1. During the Elimination Period and Regular Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Regular Occupation.
> 2. After the Regular Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any occupation which his or her training, education or experience will reasonably allow.
>
> The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself, constitute Total Disability.

9. Defendant has a responsibility for payment of any disability benefits due according to the terms and conditions of the LTD Policy.

10. Plaintiff, while working for Lion Group, Inc., became disabled under the terms of the LTD Policy on or about January 30, 2019, and her disability arose after the Effective Date of the LTD Policy.
11. Plaintiff has been unable to return to work at Lion Group, Inc., or any other occupation, since her last date of work on or about January 29, 2019, and remains disabled under the terms of the LTD Policy.
12. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the LTD Policy. Plaintiff's disability claim number with Defendant is believed to be 1190044953.
13. Prior to her LTD claim, Plaintiff received short-term disability benefits through exhaustion.
14. By letter dated June 10, 2019, Defendant approved Plaintiff's claim for LTD benefits.
15. Plaintiff thereafter continued receiving LTD benefits from Defendant for a period of time.
16. On June 30, 2021, Defendant denied Plaintiff's claim for LTD benefits under the LTD Policy beyond March 30, 2021.
17. By letter dated December 23, 2021, Plaintiff timely and properly appealed the denial of her LTD benefits, in the manner set forth in the applicable LTD Policy.
18. Plaintiff submitted additional information and medical records to Defendant with her appeal and in correspondence thereafter.
19. By letter dated March 18, 2022, Defendant upheld the denial of Plaintiff's claim for LTD benefits.
20. Plaintiff timely and properly appealed the denial of her LTD benefits, in the manner set forth in the applicable LTD Policy by letter dated September 13, 2022.
21. Plaintiff submitted additional information and medical records, including an independent medical evaluation, to Defendant with her appeal and in correspondence thereafter.

22. By letter dated February 8, 2023, Defendant upheld the denial of Plaintiff's claim for LTD benefits.

23. The February 8, 2023 letter states Plaintiff has "exhausted all rights of appeal, and [her] administrative file is now closed[.]"

24. Plaintiff is entitled to payment of disability benefits, as Plaintiff meets the definition of "total disability" or "totally disabled" under the terms of the applicable LTD Policy.

25. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

26. The Plaintiff has exhausted any administrative remedies that may be required under the insurance contract and/or by law.

**COUNT I**

27. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

28. This count is brought under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denials of benefits under the applicable plan(s) and to recover benefits under the terms of the Plan(s) and Policy.

29. Defendant's decisions to deny benefits, and its refusal to approve benefits after receiving additional evidence on appeals, were wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the Plan(s) and Policy, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

30. Defendant has an inherent conflict of interest because it not only is the entity responsible for paying benefits to Plaintiff, but it is also the entity that makes the determination of whether Plaintiff qualifies for those benefits.

31. Defendant employed doctors to perform file reviews of Plaintiff's claim and used these file review reports to support its denials of benefits. The doctors employed by Defendant did not examine or speak with Plaintiff.
32. Despite Plaintiff's willingness to present to an independent evaluation and Defendant's authority to have Plaintiff examined under the terms of the policy, Defendant did not examine Plaintiff.
33. Defendant's review processes, including its failure to examine Plaintiff, lacked due process to Plaintiff.
34. Defendant's review processes, including its failure to examine Plaintiff, were biased in favor of Defendant.
35. Defendant's internal reviews are not subject to abuse of discretion review, and Plaintiff's claims should be reviewed *de novo*.
36. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendant for full contractual benefits under the applicable Policy under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Respectfully submitted,

*<u>/s/ Elizabeth A. Thornsbury</u>*

ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
PHILIP G. FAIRBANKS
Email: pgf@austinmehr.com
**Mehr Fairbanks Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

Tonya Arnett Ward, Magoffin
Circuit Clerk
100 E. Maple Street, P.O. Box 147
Salyersville, KY 41465-0147

USPS CERTIFIED MAIL

9236 0901 9403 8304 6970 27

Case Number: 23-CI-00038

Restricted Delivery

CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601

## KCOJ eFiling Cover Sheet

Case Number: 23-CI-00038
Envelope Number: 5617719
Package Retrieval Number: 561771938966896@00000036321
Service by: Certified Mail
Service Fee: $ 0.00
Postage Fee: $ 14.99

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.





Presiding Judge: HON. KIMBERLY CHILDERS (636228)

ackage : 000001 of 000010