**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE**

| | |
|---|---|
| **JEANETTE STANSBERRY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO. 7:23-cv-00020-REW-EBA** |
| **v.** | ) |
| | ) |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

**<u>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Jeanette Stansberry, and states as follows:

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this and all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania. Lincoln admits that it is licensed to engage in the business of insurance in the State of Kentucky. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that the United States District Court for the Eastern District of Kentucky has jurisdiction over this action and that venue is correct in this Court. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases

gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this and all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits Plaintiff was, at certain times, employed by Lion Group, Inc. ("Lion") as a Sewing Machine Operator. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that, at certain times, Lion sponsored the Lion Group, Inc. Long-Term Disability Plan (the "LTD Plan"), which provided certain benefits to participating, eligible employees of Lion. Lincoln admits Plaintiff was, at certain times, employed by Lion and a was, at certain times, a participant in the LTD Plan. Lincoln admits that it issued Group Disability Income Policy Number 000010141320 (the "Policy") to Lion, which, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits Plaintiff was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 8 of the Complaint seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that it issued the Policy to Lion, which, at certain times, insured benefits from the LTD Plan. To the extent that the allegations contained in Paragraph 9 of the

Complaint seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits Plaintiff was, at certain times, employed by Lion. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits Plaintiff's last day of work at Lion was January 29, 2019. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 10 of the Complaint seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln admits that, at certain times, Plaintiff received benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits Plaintiff was, at certain times, employed by Lion as a Sewing Machine Operator. To the extent that the allegations contained in Paragraph 11 of the Complaint seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln admits that, at certain times, Plaintiff received benefits from the LTD Plan under the Policy. Lincoln admits Plaintiff's last day of work at Lion was January 29, 2019. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln admits that claim number 1190044953 is

the claim number that was assigned to Plaintiff's claims for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the Lion Group, Inc. Short-Term Disability Plan (the "STD Plan") and that benefits from the STD Plan for that claim have been exhausted. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits it sent a letter dated June 10, 2019, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits it sent a letter dated June 30, 2021, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits it received a letter from Plaintiff's counsel dated December 23, 2021, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits it received a letter from Plaintiff's counsel dated December 23, 2021, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which is contained in the administrative record, and

Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits it sent a letter dated March 18, 2022, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits it received a letter from Plaintiff's counsel dated September 13, 2022, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits it received a letter from Plaintiff's counsel dated September 13, 2022, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which is contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits it sent a letter dated February 8, 2023, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits it sent a letter dated February 8, 2023, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln denies the allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeals prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

**COUNT I**

27. Lincoln incorporates its responses contained in Paragraphs 1 through 26 as if fully stated herein.

28. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed under ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln denies the allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln admits that it issued the Policy to Lion and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its

contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 32 of the Complaint seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln denies the allegations contained in Paragraph 33 of the Complaint.

34. Lincoln denies the allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits the allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits this Court has jurisdiction over this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

Lincoln denies Plaintiff is entitled to the relief sought in the WHEREFORE Paragraph of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Plaintiff may not recover damages under state law in this action. The damages, if any, claimed by Plaintiff are limited to those available under ERISA.

7. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 20th day of March 2023.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Kentucky, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Elizabeth A. Thornsbury
Email: elizabeth@austinmehr.com

Philip G. Fairbanks
Email: pgf@austinmehr.com

March 20, 2023
Date

/s/ Iwana Rademaekers
Iwana Rademaekers