**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE**

| | | |
|---|---|---|
| **JEANETTE STANSBERRY,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | **CIVIL ACTION NO. 7:23-cv-00020-REW-EBA** |
| **v.** | **)** | |
| | **)** | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

**<u>REPORT OF PARTIES' RULE 26(f) PLANNING MEETING</u>**

Pursuant to the Court's March 21, 2023, Order for Meeting and Report, Plaintiff Jeanette Stansberry ("Plaintiff") and Defendant The Lincoln National Life Insurance Company and ("Lincoln" or "Defendant") submit their Joint Report.

1. A meeting was held and was attended by Elizabeth Thornsbury (on behalf of Plaintiff) and Iwana Rademaekers (on behalf of Defendant) and the Parties discussed the nature and basis of their claims and defenses, the possibility for a prompt settlement or resolution of this case, and a proposed discovery plan.

2. With respect to Rule 26(f)(3), the parties agree that no initial disclosures are required under Rule 26(a)(1)(B), and that production of the Administrative Record and parameters for limited discovery, if any, should proceed as outline below.

3. The above-styled action is a claim by Plaintiff for recovery of disability benefits and to enforce Plaintiff's rights under the terms of the Plan and to clarify her rights to future benefits under the Plan. Plaintiff and Defendant agree Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA"). As such, trial should be unnecessary for the final disposition of this case and, the

event that the parties do not resolve the case through settlement, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and dispositive cross motions for summary judgment. Accordingly, to facilitate the submission of the case to the Court, the parties propose a scheduling order containing the deadlines suggested in Paragraph (b) below in lieu of the deadlines requested in a standard schedule.

(a) Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. §1132(a), and as such the Court's review is generally limited to a review of the information available to the claim decision-maker at the time the final benefit determination was made. Defendant believes no discovery beyond the Administrative Record is appropriate. Plaintiff believes discovery beyond the Administrative Record may be necessary regarding any potential issues of lack of due process or bias, and conflict of interest discovery. The parties anticipate that discovery can be reasonably completed on or before July 28, 2022.

(b) As stated above, this is an ERISA benefits case and the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in a standard schedule:

1. **May 1, 2023** - Deadline for Defendant to produce Administrative Record to Plaintiff
2. **July 28, 2023** - Deadline to Complete Discovery.
3. **July 31, 2023** - Deadline to file Stipulated Administrative Record.

4. **August 28, 2023** - Deadline to file cross motions for summary judgment.

5. **September 11, 2023** - Deadline to file response briefs.

6. **September 25, 2023** - Deadline to file reply briefs, at which time the case will stand submitted.

(c) The parties believe that non-binding mediation is an appropriate alternative dispute resolution method for resolving this matter if their discussions are not successful.

(d) The Parties agree Plaintiff is not entitled to a jury trial and that the case is to be decided on dispositive briefs.

(e) The Parties do not consent to the referral of this case to a Magistrate Judge.

(f) The Parties will not submit witness or exhibit lists because the case will be submitted for decision via dispositive briefs on the merits.

(g) The Parties agree the arbitrary and capricious standard of review applies to this case.

Respectfully submitted this 25th day of April 2023.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com
ATTORNEYS FOR DEFENDANT

**AND**

By: /s/Elizabeth A. Thornsbury

Elizabeth A. Thornsbury
Email: elizabeth@austinmehr.com
Philip G. Fairbanks
Email: pgf@austinmehr.com
MEHR FAIRBANKS
Trial Lawyers, PLLC
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830

COUNSEL FOR PLAINTIFF